Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff Noreen Razak

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Noreen Razak,<br><br>                    Plaintiff,<br><br>vs.<br><br>Velocity Investments, LLC and Mandarich Law Group, LLP,<br><br>                    Defendants. | Case No.<br><br>Complaint for Violations of the Fair Debt Buying Practices Act, the Rosenthal Act and the Fair Debt Buying Practices Act |

## I.     Introduction

1.     Plaintiff Noreen Razak, ("Razak" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendant Mandarich Law Group, LLP (hereinafter "Mandarich") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the acts of Defendant Velocity Investments, LLC ("Velocity") regarding violations of the California Fair Debt Buying Practices Act ("FDBPA"), and the acts of both Mandarich and Velocity (collectively, "Defendants") regarding violations of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA" or "Rosenthal Act").

Complaint

-1-

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

5. This action arises out of violations by Mandarich of the FDCPA (15 USC 1692 *et seq*), and the Rosenthal Act (Cal. Civ. Code §1788, *et seq)*, and out of violations by Velocity of the FDBPA (Cal. Civ. Code §1788.50, *et seq)* and the Rosenthal Act.

6. As Defendants engage in business in the state of California and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

7. Venue is proper pursuant to 28 U.S.C. §1391 as one or more Defendants are located in the Central District and do business in the Central District, and some or all of the acts at issue herein occurred in the Central District.

## III. Parties

*Plaintiff*

8. Plaintiff is a natural person residing in California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, and is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, she is a "debtor" as that term is defined by California Civil Code §1788.2(h) and incorporated into California Civil Code §1788.50(c).

Complaint

*Mandarich*

9. Plaintiff is informed and believes that Defendant Mandarich is and was at all relevant times a California limited liability partnership, or "LLP" and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

10. Defendant Mandarich, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

*Velocity*

11. Plaintiff is informed and believes that Defendant Velocity is and was at all relevant times a New Jersey limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 1800 Route 34 North, Building 3, Suite 303 in Wall, New Jersey, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

12. Defendant Velocity, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

/ / /
/ / /
/ / /
/ / /
/ / /

Complaint

## IV. Facts Common to all Claims for Relief

*Filing of False Claims in the Collection Complaint*

13. On May 31, 2018, Mandarich filed a complaint ("Collection Complaint"), on Velocity's behalf, in the Superior Court of California for the County of Los Angeles against Plaintiff, in the matter of *Velocity Investments, LLC v. Noreen Razak*, *et al*, case number 18NWLC18043 ("Collection Action").

14. Plaintiff was later served with a copy of the Collection Complaint.

15. Defendants' claims in the Collection Action were predicated on a claim of a binding contract; namely that Razak agreed to the "terms governing the use of" an account, which was alleged to be with "WebBank."

16. Defendants' claims of a binding contract were false.

17. As laid out below, Defendants also made a number of other false claims.

*False Claim of a Valid "Promissory Note" with WebBank*

18. In the Collection Complaint, at paragraph 9, Defendants alleged that Razak applied for a loan from "the original creditor, WebBank", and at paragraph 11 of the Collection Complaint alleged that Razak "agreed to comply with the terms governing the use of the Account, as it was amended from time to time, including repaying WebBank and any successors in interest…"

19. Apparently based on this agreement, Defendants also alleged at paragraphs 25 to 27 of the Collection Complaint that Razak took out a loan, that Razak breached an agreement with WebBank, and on that basis Defendants claimed a right to collect $5,171.50.

20. At paragraph 21 of the Collection Complaint, Defendants incorporated a document into their pleadings, denominated "Exhibit A," attached and filed with the Collection Complaint.

/ / /

/ / /

Complaint

21. This "Exhibit A" contains an agreement, entitled "Loan Agreement," with "WebBank," which states that "The following terms, together with your loan request on the Site, as defined herein, constitute a binding agreement (the "Agreement") between you and WebBank…"

22. This "Loan Agreement" does not state Ms. Razak's name, does not state any principal amount, is not signed, and does not state the payment terms of a loan: this document is not even a "loan agreement," much less a binding agreement in which Ms. Razak agreed to pay any specific amount.

23. In other words, this "Loan Agreement" is essentially an un-filled out form contract, with no obvious connection to Ms. Razak, or to the loan or account alleged.

24. Attached to this "Loan Agreement" is another document, itself denominated "Exhibit A," which is entitled "Promissory Note."

25. This "Promissory Note" has blank spaces for the identity of the borrower and the principal amount, interest rate and payment terms of the "Promissory Note."

26. Perhaps most outrageously, this "Promissory Note" bears the following text at the end, where a signature would normally appear:

SCREEN NAME OF BORROWER
BY: LENDINGCLUB CORPORATION
ATTORNEY-IN FACT FOR BORROWER
(SIGNED ELECTRONICALLY)

27. In other words, not only are Defendants suing Ms. Razak on the basis of an unsigned, un-filled out form contract which does not even bear Ms. Razak's name, much less the amount and terms of the loan alleged, but Defendants even claim that "LendingClub Corporation" can sign a document entitled "Promissory Note" on her behalf, as her "attorney-in fact."

/ / /

Complaint

28. Ms. Razak never retained "LendingClub Corporation" as her "attorney-in-fact," nor did she ever grant "LendingClub Corporation" the authority to sign contracts for her, much less ones that do not bear her name and are not filled out.

29. Without any valid consent from Razak herself, as opposed to some third party claiming to be her "attorney in fact," this unsigned "Promissory Note" is both invalid for lack of consent, and for failure to meet the requirements of California's Statute of Frauds, at California Civil Code §1624(a)(1):

> (a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:
> (1) An agreement that by its terms is not to be performed within a year from the making thereof.

30. The documents attached to Defendants' Collection Complaint, and incorporated into their pleadings do not identify Ms. Razak, do not identify the principal amount of the loan alleged, do not disclose an interest rate, do not disclose the number of payments or the time for payment, and do not match Defendants' allegation in the Collection Complaint or appear to even be connected the Defendants' allegation.

31. At the very least, Defendants have alleged rights to collect money under a written contract that is completely invalid and unenforceable, and in so doing have violated the Rosenthal Act.

***Invalid "Power of Attorney" Clause***

32. Ms. Razak was forced to hire counsel to defend herself from the false claims above and her counsel requested that Defendant Velocity provide documents to substantiate the claims in the Collection Complaint.

33. Velocity never produced a filled out "Promissory Note" between Ms. Razak and WebBank, or any other party, or any contract for a loan of any set amount of money.

/ / /

Complaint

34. Velocity did, however, produce a document entitled "Borrower Membership Agreement," a pre-printed contract of adhesion in which "LendingClub Corporation" included a clause, entitled "Limited Power of Attorney," in which Lending Club claims that Ms. Razak granted Lending Club a "power of attorney" to sign promissory notes on her behalf.

35. This document was not physically signed by Ms. Razak and was not signed in any form in the presence of two witnesses, or with a notarized signature of any kind.

36. In 2015, during the period in which Ms. Razak had dealings with Lending Club, Ms. Razak was a resident of California, and was present in California at the time of all dealings with Lending Club.

37. Pursuant to California Probate Code §4052, Division 4.5 of California's Probate Code governs any power of attorney where either the principal executed the power of attorney in California or was domiciled in California at the time of execution.

38. Plaintiff was in California at the time of any dealings with Lending Club, and a resident of California, at all times relevant.

39. Therefore any "power of attorney," limited or otherwise, is governed by California's Probate Code.

40. Under California's Probate Code §4121, in order to be "legally sufficient," a power of attorney must be signed in the presence of two witnesses, or notarized.

41. Under California's Probate Code §4101, execution formalities such as the above requirement for witnesses or a notary may not be waived.

42. The "power of attorney" clause in the "Borrower Membership Agreement" that Velocity produced in discovery in the Collection Action bears no indicia that was signed in the presence of witnesses, or notarized.

43. This "power of attorney" is therefore invalid as a matter of law.

44. It is also worth noting that, while California's Probate Code §4052 would render any foreign choice of law clause unenforceable as to the power of attorney, there is no "choice of law" clause in the "Borrower Membership Agreement," and the only address listed for Lending Club in that document was a California address.

45. As a result of the above, barring some other, enforceable "power of attorney" document that has not yet surfaced, Lending Club has and had no right to sign documents on Plaintiff's behalf as "attorney in fact."

46. While Velocity has not yet produced any "Promissory Note" that is actually filled out and states a loan amount, if Velocity's claims of a debt are based upon the blank "Promissory Note" that was attached to the Collection Complaint, or any similar document signed by Lending Club in a claimed capacity as an "attorney-in-fact," any such claimed consent by Plaintiff to the terms of such a document would be invalid, as Lending Club does not hold a valid power of attorney for Plaintiff.

47. As Plaintiff never consented to the terms of any Promissory Note, with Lending Club, or WebBank, Velocity's claims of a debt of $15,535.32 based on any such document is false, or at a minimum inflated, and Velocity's attempt to collect an amount not owed violates the Rosenthal Act.

**Failure to identify the true "charge-off" creditor**

48. According to the documents that Defendants attached to their Collection Complaint, it also appears that "LendingClub Corporation" did not own the account at issue on the date of charge-off, assuming that they were ever assigned such rights.

49. In other words, LendingClub Corporation did not own the account at issue at the time of charge-off and was not the "charge-off creditor."

/ / /

/ / /

Complaint

-8-

50. Despite that fact, Defendants decided to allege at paragraph 4 of the Collection Complaint that "The charge-off creditor at the time of charge-off is LendingClub Corporation."

51. This failure to disclose the true charge-off creditor and their address violates California Fair Debt Buying Practices Act.

*False Claims Regarding the Chain of Title*

52. In the Collection Complaint, at paragraph 2, Defendants claimed that Defendant Velocity was "the only entity that purchased this debt after charge off."

53. Plaintiff is informed and believes, and thereon alleges, that this representation is false.

54. In discovery, Velocity admitted that they purchased the account at issue from "QPL-LC Trust."

55. Yet in the State Court Complaint, Defendants alleged that "LendingClub Corporation" was the "charge-off creditor" and that Velocity "is the only entity that purchased the debt after charge-off."

56. Plaintiff is informed and believes, and thereon alleges that "LendingClub Corporation" was not the actual "charge-off creditor" and that the owner of the account immediately prior to Velocity was not LendingClub Corporation but "QPL-LC Trust," or some other party other than LendingClub Corporation.

*False Claims Regarding the Amount of the Debt Alleged*

57. Velocity did not have the right to sue for the principal amount that they claimed.

58. As Razak never validly consented to any written contract with WebBank, Defendants had no right to collect compound interest, fees, or the like from Razak.

/ / /

/ / /

Complaint

59. Defendants also lacked any valid basis to collect attorney's fees, and yet in their Collection Complaint, Defendants represented that they had a right to these fees regardless.

60. Despite this fact, Defendants filed the Collection Action in an attempt to collect amounts which Razak never agreed to pay and which are not due.

61. Defendants' acts caused Razak to suffer stress and fear, and caused her to incur attorney time in her defense.

## V. Allegations Specific to Certain Claims for Relief

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA by Defendant Mandarich)

62. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

63. Defendant Mandarich violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

    e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

    f. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

    g. 15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

64. Plaintiff is entitled to actual damages sustained as a result of Defendant Mandarich's conduct, in an amount according to proof; to statutory damages of $1,000.00 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal Act by all Named Defendants)**

65. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

66. Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq*.

67. Defendants violated Cal. Civ. Code §1788.13(e), which prohibits "[t]he false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

68. Here, Defendants falsely represented both a right to attorney's fees and a right to collect a balance including finance charges unsupported by any valid, binding contract.

69. Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, the following:

    a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

Complaint

    e.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

    f.    15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

    g.    15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

70. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

71. As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

**THIRD CLAIM FOR RELIEF**

**(Violations of the FDBPA by Defendant Velocity)**

72. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

73. Velocity's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Velocity's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

    a.    Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt; and

    b.    Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer.

/ / /

/ / /

Complaint

74. As a proximate result of the violations of the California Fair Debt Buying Practices Act, Razak is entitled to her actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

*FDCPA*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Mandarich and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Mandarich and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against Mandarich and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

*Rosenthal Act*

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants;

*FDBPA*

7. An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

8. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Velocity and for Plaintiff; and

/ / /

Complaint

10. Such other and further relief this court may deem just and proper.

Date: May 20, 2019                           /s/ Stephen G. Recordon
                                             STEPHEN G. RECORDON
                                             Attorney for Plaintiff

Complaint

-14-